United States District Court
Southern District of Texas
**ENTERED**
November 03, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **HAI NGOC HOANG,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-CV-4240** |
| | § | |
| **KRISTI NOEM, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

### ORDER

Before the Court is Petitioner Hai Ngoc Hoan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (ECF No. 1, "Habeas Petition"); the Government's Motion for Summary Judgment (ECF No. 10); and the Government's Request for Leave to Effectuate Petitioner's Removal (ECF No. 17).

Petitioner is a Vietnamese citizen who came to the United States in 1990 at the age of ten under an immigration visa. ECF No. 1 at 5. Following his 1999 conviction on three counts of aggravated robbery for crimes that he committed between the ages of 17 and 18, Petitioner was ordered removed from the country. *Id.* at 5-6. His removal order became final in 1999. *Id.* at 6. Petitioner received parole in 2007, and he was transferred to immigration custody. *Id.* Over the course of the next six months, the Department of Homeland Security endeavored to obtain travel documents from the Vietnamese government which would allow for Petitioner's removal to Vietnam. *Id.* The agency was unable to obtain the required documents, and Petitioner was released on an Order of Supervision ("Order") in April of 2008. *Id.* at 6. For the past seventeen

years, Petitioner has complied with the conditions of the Order. *Id.* at 6-7. He has a family, including a young son, in the United States. ECF No. 1 at 7.

On August 14th, 2025, Petitioner was taken into physical custody by Immigration and Customs Enforcement when he appeared for an Order of Supervision appointment. *Id.* at 1; ECF No. 14 at 3. He sought habeas relief on the grounds that his removal was not reasonably foreseeable at the time of his re-detention, and thus the change in his manner of custody from constructive to physical violated federal law. ECF No. 1 at 9-10; ECF No. 11 at 5. Petitioner stated that his "Writ [would be] in no way a challenge to [his] deportation if a travel document [were] secured for him." ECF No. 11 at 4.

The Court scheduled a hearing on the Habeas Petition and the Government's Motion for Summary Judgment for October 30th, 2025. On October 28th, 2025, the Government filed a Request for Leave to Effectuate Petitioner's Removal which indicated that the Government had obtained a Vietnamese travel document for Petitioner. ECF No. 17. Following the October 30th hearing, the Government produced a copy of that travel document. ECF No. 18. The Government has shown that it is able to remove Petitioner, and his Habeas Petition is moot. Petitioner's request for habeas relief is therefore **DENIED,** and the Government's Request for Leave to Effectuate Petitioner's Removal is **GRANTED.** The Government's Motion for Summary Judgment is **DENIED** as moot.

This Order does not reflect any determination by this Court regarding the legality of Petitioner's re-detention when he was initially re-detained. The Department of Homeland Security did not seek travel documents for Petitioner until he had been re-detained for over a month and had filed for habeas relief. ECF No. 10 at 3. Additionally, the Government failed to provide notice to Petitioner that his manner of custody was being changed from constructive to

2 / 3

physical until several weeks after he was re-detained, when it provided him with a Notice of Revocation of Release ("Notice"). *See* ECF No. 17 – Ex. 2. A Detention and Deportation Officer signed the Notice on July 25th, 2025, but Petitioner did not receive service of the document until September 9th, 2025. *Id.* While Petitioner's Habeas Petition may have been meritorious, the Court does not reach the claims therein as they are now moot.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 3rd day of November, 2025.

Keith P. Ellison
United States District Judge